J-A33004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| M.B. | |
| Appellee | No. 2025 EDA 2014 |

Appeal from the Order Entered June 11, 2014
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2007-25006

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:              **FILED NOVEMBER 24, 2014**

J.B. ("Mother") appeals from the order entered in the Court of Common Pleas of Montgomery County.  For the following reasons, we remand.

The trial court's June 5, 2014 order, docketed on June 11, 2014, entered a purported custody agreement between Mother and M.B. ("Father") as a per curiam order of court.[1]  On June 6, 2014, one day after the order was signed, Mother filed a petition to modify; she filed another petition to modify on June 13, 2014, two days after the order was docketed.  However,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order reads:  "AND NOW, this 5th day of June 2014, it is hereby ORDERED and DECREED that the attached C*ustody Agreement Re: Custody of [M.B.] and [T.B.]* is entered an as Order of Court."  BY THE COURT: *Per Curiam, J.*

on May 27, 2014, prior to the docketing of the order, an order was entered scheduling the parties for conciliation on June 18, 2014 pursuant to Pa.R.C.P. 1915.4-3.[2] *See* Pa.R.C.P. 1915.4-1 (Alternative Hearing Procedures for Partial Custody Actions).[3] Because Mother's appeal of the June 5 per curiam order was pending, conciliation never occurred and the court was precluded from proceeding with a hearing on the parties' petitions to modify.[4]

Notably, the trial court states it was unaware that the per curiam order had been signed or docketed, and that it only became aware of the order

_____

[2] Rule 1915.4-3 states:

    (a)   **Non-Record Proceedings.** In those jurisdictions that utilize an initial non-record proceeding such as a conciliation conference or office conference, if no agreement is reached at the conclusion of the proceeding, the conference officer or conciliator shall promptly notify the court that the matter should be listed for trial.

    (b)   **Trial**. The trial before the court shall be de novo. The court shall hear the case and render a decision within the time periods set forth in Rule 1915.4.

[3] Pursuant to Rule 1915.4-1, Montgomery County has certified to the Domestic Relations Procedural Rules Committee that their custody proceedings generally are conducted in accordance with Rule 1915.4-3. The court explained if the parties reach an agreement in conciliation, the order is forwarded to the court for approval; if no agreement is reached, the conciliator schedules the matter for court. Here, the court noted the peculiar procedure where the per curiam order was signed prior to the scheduled conciliation.

[4] Father had filed a petition to modify on April 28, 2014.

when the notice of appeal was filed. It appears from our review that the order was entered as a result of an administrative error.

We agree with the trial court that the matter requires remand so that the court can resolve the outstanding petitions to modify.

Remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2014